

**New York Lawyers**

**For The Public Interest, Inc.**

151 West 30th Street, 11th Floor

New York, NY 10001-4017

October 25, 2016

*Via ECF*
Hon. Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *Robert Filer v. City of New York, et al.*, Case No.: 14 Civ. 5672 (PKC)(LB)

Dear Judge Bloom:

Along with co-counsel, Mayer Brown LLP, this office represents Plaintiff Robert Filer.  In advance of the October 26, 2016 Status Conference scheduled before the Court, Plaintiff writes to request guidance from the Court on multiple outstanding items of discovery.  The parties have conferred on multiple occasions about all items, and have been unable to resolve these issues.

As this Court is aware, Mr. Filer is paralyzed, unable to walk, and uses a wheelchair.  Beginning on November 19, 2011, the New York City Police Department ("NYPD") arrested, transported, and detained Mr. Filer in a discriminatory and dangerous manner.  Upon arrest, officers handcuffed Mr. Filer behind his back, carried him into an inaccessible police van, and failed to secure him in the vehicle.  During transport, Mr. Filer was thrown to the floor of the police van and repeatedly hit the floor and seats.  As a result, Mr. Filer experienced pain, and was soaked in urine.  Officers then chained Mr. Filer to a wall in the 113th Precinct for the majority of his 38-hour detention, denying him access to a toilet.  By this conduct, the NYPD discriminated against Mr. Filer, adding an additional layer of punishment, injury, and indignity to the arrest process.

    I.       **Production of Documents in Lieu of Testimony for 30(b)(6) Deposition Topic 5 (NYPD Complaints by Wheelchair Users) and Topic 4 (Training)**

On July 13, 2016, Plaintiff conducted part of a F.R.C.P. 30(b)(6) deposition of the NYPD.  At the deposition, Defendants requested to provide documents in lieu of further testimony for two of the five noticed topics: (a) Topic 5, regarding "any written complaints received by the City of New York about the NYPD's arrest, transport, and detention of a person who uses a wheelchair, including, but not limited to, the total number of complaints" (hereinafter "NYPD Complaints by Wheelchair Users"); and (b) Topic 4, regarding "the training provided by the NYPD to police officers relating to the arrest, transport, and detention of people who use wheelchairs." Defendants have offered to make available for inspection a sub-set of NYPD Complaints by Wheelchair Users, namely complaints to the Civilian Complaint Review Board ("CCRB"), subject to a protective order, the terms of which are in dispute.  *See infra* at VII.  Despite numerous requests, Defendants have yet to provide a date certain by which they will produce all *other* responsive complaints, such as complaints culled from the Internal Affairs Bureau and the ZOLPA database.  Defendants have also identified training materials from the NYPD Police Academy, which are responsive to Topic 4, but failed to provide a date certain by which they will produce these training materials.  Plaintiff respectfully requests that the Court order

Defendants to produce all NYPD Complaints by Wheelchair Users and training materials by November 4, 2016.

### II. Employment Records of Individual Defendants

In an effort to narrow the dispute about Defendants' production of NYPD employment records, the parties have agreed that, initially, Defendants will produce to Plaintiff versions of the Internal Affairs Bureau, CCRB, and CPI resumes for each Individual Named Defendant (hereinafter "Officer Resumes") that Defendants have redacted to remove what they characterize as dissimilar, unsubstantiated, or pending incidents and incidents older than ten years, and to simultaneously produce the complete, unredacted records to the Court for *in camera* review. Plaintiff has agreed to these terms, without waiver of Plaintiff's rights to review the entire Officer Resumes for all relevant defendants and witnesses. Plaintiff respectfully requests that the Court order Defendants to make this *in camera* production by November 4, 2016. Plaintiff respectfully requests, after *in camera* review, that the Court order Defendants to produce the complete Officer Resumes to Plaintiff so that the parties may confer regarding which, if any, underlying Complaint files (as reflected on the resumes) should be produced to Plaintiff. Defendants are required to produce Officer Resumes to Plaintiff that include *all* disciplinary incidents and complaints, whether they are substantiated, unsubstantiated, or pending complaints, and regardless of the age of the complaint. *See, e.g.*, *Fountain v. City of New York*, No. 03 Civ. 4526, 2004 WL 1474695 (S.D.N.Y. June 30, 2004) ("CCRB and IAB records are . . . presumptively discoverable, regardless of the age, subject matter, or disposition of the underlying complaint"); *King v. Conde*, 121 F.R.D. 180, 198 (E.D.N.Y. 1988); *Reyes v. City of New York*, No. 00 Civ. 2300, 2000 WL 1528239, at *2 (S.D.N.Y. Oct. 16, 2000).

### III. Plaintiff's First Request for Production of Documents

Defendants have failed to produce all responsive documents to Plaintiff's First Request for Production of Documents, served on June 2, 2016. First, Defendants have not provided a full response to Request No. 3, seeking "all documents identifying any witness to the Incident." In particular, Defendants have failed to identify witnesses to Plaintiff's detention at the 113th Precinct. Second, Defendants have failed to fully respond to Request No. 11, seeking data regarding how many arrestees who use wheelchairs have been transported or detained by officers from the 113th Precinct. Lastly, Defendants' responses to Document Request Nos. 1, 4–6, 10, 14–21 are also incomplete. Defendants' responses to these requests vaguely assert multiple privileges, yet Defendants provided no privilege log. Plaintiff respectfully requests that the Court order that Defendants produce all documents responsive to Plaintiff's First Request for Production of Documents and/or a privilege log by November 4, 2016.

### IV. Plaintiff's Second Request for Production of Documents

Plaintiff's Second Request for Production of Documents was served on July 29, 2016, and requests four categories of documents identified during Plaintiff's 30(b)(6) deposition of the NYPD. Defendants have failed to produce documents responsive to Requests Nos. 1, 3 and 4. During the deposition, the witness, Captain Haley, testified that: "The NYPD is currently in the process of designing all new prisoner transport vans to be used for prisoners at the present time." *See* Haley Dep. 14:124, July 13, 2016. He further testified that he understands that "there will be certain vehicles allotted in every patrol borough that would be able to accommodate persons in wheelchairs," and that these vans would "either have a ramp or a lift." *See id.* at 24:124–3:125,

9:125.  Plaintiff requested documents and communications concerning the NYPD's introduction of wheelchair accessible vehicles.  Plaintiff's First Request for Production of Documents also requested these documents.  These documents are relevant and critical to this case, both with regard to liability and settlement.  However, Defendants have refused to provide any responsive documents.  Defendants' Responses to Requests Nos. 3 and 4 invoke multiple objections, all made as conclusory assertions, without explanation.  Defendants have even informed Plaintiff that they withheld documents and communications responsive to at least Request Nos. 3 and 4.  However, Defendants have failed and refused to provide any privilege log.  Finally, Defendants furnished incomplete records in response to Request No. 1, seeking the NYPD's current Patrol Guide on topics relevant to this matter, or any changes that have been made since November 2011.  Plaintiff respectfully requests that the Court order that Defendants produce all documents responsive to Plaintiff's Second Request for Production of Documents or a privilege log by November 4, 2016.

**V.     Plaintiff's First Set of Interrogatories to Defendant, City of New York**

Plaintiff's First Set of Interrogatories to Defendant, City of New York, contained interrogatories concerning the circumstances of Defendants' destruction of the NYPD van that officers used to transport Plaintiff during his arrest, such as the identity of the person who first determined to sell the vehicle for salvage and the date when the NYPD first decided to sell it. Defendants' responses were deficient and incomplete.  Plaintiff served these Interrogatories in an effort to avoid the potential burden of a deposition regarding Defendants' apparent spoliation of this evidence. Plaintiff respectfully requests that the Court order Defendants to produce all information responsive to Plaintiff's First Set of Interrogatories by November 4, 2016.

**VI.    Protective Order to Protect Confidential Documents and Information**

The Parties are working to resolve several outstanding issues in order to finalize a Protective Order for documents that Defendants seek to appropriately mark Confidential.  Plaintiff believes the key outstanding disputes are, as follows.  <u>First</u>, the parties disagree whether NYPD Complaints by Wheelchair Users should be Confidential within the meaning of the Protective Order.  Plaintiff agrees that certain information contained in these Complaints could be Confidential, such as personal information identifying NYPD personnel or complainants.  However, Defendants seek to mark the entire document as "Confidential", thereby protecting the mere fact that Complaints have been made by Wheelchair Users to the NYPD, and also the underlying facts giving rise to these Complaints. <u>Second</u>, the parties disagree regarding whether the definition of "Confidential Materials" should include a "catch-all" provision that enables Defendants to designate any class of documents as Confidential at any time.  Plaintiff proposes that this item instead read, "Any documents that the parties agree, or any documents that the Court directs to be produced subject to this Order."  <u>Third</u>, the parties disagree about whether Plaintiff should be required to return to Defendants "all copies, notes, and other materials containing or referring to information derived" from Confidential Materials at the conclusion of the action.  Plaintiff agrees that this Protective Order should continue in perpetuity.  Defendants' proposed language would effectively require Plaintiff to destroy an entire case file generated from discovery, or submit an entire case file to Defendants.

We appreciate the Court's attention to these matters.

Respectfully Submitted,

NEW YORK LAWYERS FOR THE
PUBLIC INTEREST
    /s
Maureen Belluscio
Katherine Rosenfeld


MAYER BROWN
    /s
Henninger S. Bullock